IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA CIVIL DIVISION

CASE NO. 8:26-cv-2916

DAVID PARRISH and MELANIE PARRISH,
both individually and as trustees of
THE DAVID PARRISH AND MELANIE PARRISH
REVOCABLE LIVING TRUST,

Plaintiffs,

v.

DERREK MCGHIE a/k/a DERRICK MCGHIE, and
DELLA SENCHUK,

Defendants.
_______________________________________/

**COMPLAINT**

COMES NOW the Plaintiffs, as styled above, DAVID PARRISH and MELANIE PARRISH, by and through the undersigned counsel, and hereby sue the Defendants, DERREK MCGHIE a/k/a DERRICK MCGHIE ("McGHIE") and DELLA SENCHUK ("SENCHUK"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This action arises from property damage caused by an approximately seventy-five-foot boat owned by Defendant McGHIE (the "Vessel"), that was not adequately moored, secured, or safely accounted for during Hurricane Milton on October 9, 2024 and/or Hurricane Helene on September 26, 2024. The vessel traveled uncontrolled, adrift, across the surrounding navigable waters, Bimini Bay, and ultimately collided with Plaintiff's seawall and dock, causing extensive damage to the Plaintiff's property.

2. Prior to the hurricanes, the Vessel was moored at the property owned and controlled by Defendant DELLA SENCHUK. The Vessel remained at the berth despite the foreseeable threat of severe winds, storm surge, rising water, and dangerous marine conditions associated with the approaching major hurricanes.

3. Defendants failed to exercise reasonable care in properly securing the Vessel, or relocating the Vessel to a safe location, and/or maintaining the dock where the Vessel was stored.

4. Plaintiffs bring this action under the Court's admiralty and maritime jurisdiction to recover the damages caused by Defendants' negligence.

**JURISDICITION AND VENUE**

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Procedure 9(h).

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1333, which provides federal district courts with original jurisdiction over any civil cases of admiralty and maritime jurisdiction.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this Judicial District, and the Property damaged as a result of Defendants' conduct is located within this Judicial District.

4. Additionally, supplemental jurisdiction pursuant to 28 U.S.C. §1367 exists for any claims herein that are so related (such as by a common nucleus of operative fact) that they form part of the same case or controversy.

**THE PARTIES**

5. Plaintiffs are residents of Manatee County, Florida, and in all respects sui juris.

6. At all material times, Plaintiffs are the owners of the Property located at the street address of 536 70th St., Holmes Beach, FL 34217. The property is held in trust, THE DAVID PARRISH AND MELANIE PARRISH REVOCABLE LIVING TRUST, of which DAVID PARRISH and MELANIE PARRISH are trustees. This property, referred to as the "Parrish Property," includes a seawall and two docks.

7. The Defendant Derrek McGhie a/k/a Derrick Mcghie ("McGhie"), an individual who at all times material hereto, is a Florida resident who owned the approximately seventy-five foot Vessel, a white catamaran with an outboard engine attached to the stern.

8. The Defendant Della Senchuk ("Senchuk"), an individual who at all times material hereto, is a Florida resident and the owner of the Property located at the street address of 840 S. Bay Blvd., Anna Maria, FL 34216 including the dock where the Vessel was moored prior to the hurricanes. This property will be referred to as the "Senchuk Property" or "the Vessel's Dock Property."[1]

9. Defendant Senchuck rented dock space at the Senchuk Property and/or otherwise permitted the Vessel to be moored and/or stored thereon. Defendant McGhie moored the Vessel at that location.

## GENERAL ALLEGATIONS

10. The hurricanes approached the west coast of Florida, bringing the foreseeable threat of severe winds, storm surge, and dangerous marine conditions.

11. In anticipation of hurricane conditions, nearby marinas removed boats from the water and/or instructed boat owners to remove their boats to prevent damage to vessels, marina facilities, and surrounding properties.

[1] Defendant SENCHUK holds a life estate in the Vessel's Dock Property.

12. Despite the approaching hurricanes, the Defendant's Vessel remained docked at the Senchuk Property. The Vessel should have been removed from the area of the approaching hurricanes or appropriately secured.

13. The Vessel was not adequately secured for the anticipated hurricane conditions.

14. A hurricane warning and storm surge warning for the approach of Hurricane Milton were in place from October 7, 2024 for Florida's west coast, including where the Vessel was located and/or moored at the Senchuk Property on Bimini Bay. Specifically, the National Hurricane Center issued a Hurricane Warning for the west coast of Florida from Bonita Beach northward to the mouth of the Suwannee River, including Tampa Bay, and a Storm Surge Warning for the west coast of Florida from Flamingo northward to the Suwannee River, including Charlotte Harbor and Tampa Bay. Similar warnings were issued for Hurricane Helene that made landfall on September 26, 2024.

15. McGhie had adequate notice of the approaching hurricanes and sufficient time to take reasonable action and precaution to properly secure, anchor, and/or relocate the Vessel.

16. The Vessel broke free from its location at the Senchuk Property and traveled uncontrolled across the bay.

17. The Vessel ultimately struck the Plaintiffs' Property.

18. The Vessel collided with Plaintiffs' seawall and dock during Hurricane Milton, causing substantial damage to both.

19. Defendant McGHIE did not have the Vessel safely secured because it did not have the proper mooring lines rigged and anchors set out to have a boat of that size and weight properly tied off for the forecasted storm. Shortly after Hurricane Milton, the Vessel was observed located at its point of collision with the Plaintiffs' Property with pilings still secured to mooring lines,

without utilization of secondary anchors and/or other means necessary to secure a boat of its size and weight to ride out a hurricane or severe storm.

20. When Defendant McGHIE arrived at Plaintiff's property to claim the Vessel after Hurricane Milton, McGHIE admitted that the Vessel was his, and that it had been moored at the dock on Defendant's SENCHUK's Property without being relocated for the hurricane.

21. Plaintiffs have suffered damages as a result of the Vessel's impact with the Plaintiffs' Property, including:

a. Damage to and/or destruction of Plaintiffs' dock;

b. Damage to Plaintiffs' seawall;

c. Costs associated with temporary and permanent repairs;

d. Engineering and inspection expenses; and

e. Additional and other special and consequential damages.

**COUNT 1: NEGLIGENCE (McGHIE)**

22. Plaintiffs reallege and incorporate paragraphs 1 through 18 as if fully set forth herein.

23. At all material times, McGhie owned and/or controlled the Vessel and owed a duty to exercise reasonable care in preparing and securing the Vessel for the hurricanes at the location where it was moored, or removing the Vessel from its location, and to protect the Plaintiff from a particular injury of the damage to Plaintiff's Property. This included ensuring that the Vessel was properly moored and secured for the on-coming storm or, if it could not safely remain at that location, relocating it to a safe location where it could ride out the storms.

24. McGhie breached his duty by failing to properly moor and secure the Vessel for the anticipated hurricanes and severe marine conditions, including failing to utilize adequate mooring lines, secondary anchors, and/or other means necessary to safely secure a Vessel of its size.

25. As a direct and proximate result of McGhie's negligence, the Vessel broke free from its moorings or was otherwise dislodged from its location, traveled uncontrolled across the surrounding waters, and ultimately collided with Plaintiffs stationary seawall and dock.

26. As a direct and proximate result of McGhie's negligence, Plaintiffs sustained damage to their seawall and dock, together with temporary repair costs, engineering and inspection expenses, permanent repair and replacement costs, and other damages recoverable under applicable law.

WHEREFORE, Plaintiffs as styled above, DAVID PARRISH and MELANIE PARRISH, demand judgment against Defendant McGHIE for compensatory damages, together with prejudgment and post-judgment interest, taxable costs, and such other and further relief as this Court deems just and proper.

**COUNT 2: NEGLIGENCE (SENCHUK)**

27. Plaintiffs realleges and incorporate paragraphs 1 through 18 as if fully set forth herein.

28. At all material times, Defendant Senchuk owned and/or controlled the Senchuk Property, including the dock, pilings, mooring points, and associated facilities where the Vessel was berthed.

29. Senchuk permitted the approximately seventy-five-foot Vessel to be berthed at the Senchuk Property.

30. Senchuk owed a duty to exercise reasonable care to furnish a safe berth. This duty included the duty to use reasonable diligence in the maintenance of the berth and associated facilities, ascertain the condition of it and maintain it as necessary, to make it safe and/or warn of any hidden hazard or deficiency, which in the exercise of reasonable care and inspection, should have been known to her.

31. Defendant Senchuk knew or reasonably should have known of the risk presented by allowing a boat, including that of this Vessel's size, to remain moored at its facility.

32. Senchuk breached such duty by failing to exercise reasonable care to furnish a safe berth with associated facilities, including the dock and pilings, failing to reasonably inspect and maintain it, and failing to correct or warn of dangerous or deficient conditions known or through the exercise of reasonable care and inspection, should have known existed, including conditions that rendered the pilings and associated facilities inadequate to safely accommodate the Vessel. Senchuk also breached her duty by failing to exercise reasonable care in permitting the Vessel to remain at the berth.

33. As a direct and proximate result of Senchuk's negligence, the Vessel broke free or became dislodged from its location at the Senchuk Property, traveled uncontrolled across the surrounding waters, and ultimately collided with Plaintiffs' stationary seawall and dock during Hurricane Milton.

34. As a direct and proximate result of Senchuk's negligence, Plaintiffs sustained damage to their seawall and dock, together with temporary repair costs, engineering and inspection expenses, permanent repair and replacement costs, and other damages recoverable under applicable law.

WHEREFORE, Plaintiffs, DAVID PARRISH and MELANIE PARRISH, demand judgment against Defendant SENCHUK for compensatory damages, together with prejudgment and post-judgment interest, taxable costs, and such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs, DAVID PARRISH and MELANIE PARRISH, hereby demand a trial by jury on all issues so triable.

Dated this 24th day of September, 2026.

LAW OFFICES OF GEOFFREY GILBERT, P.A.
*Attorney for the Plaintiffs*
80 NE 4th Avenue, Suite 12
Delray Beach, Florida 33483
Telephone: (561) 962-0402
F.R.J.A. Email: pleadings@GilbertLawFL.com

By: ______________________________
Geoffrey Gilbert
Florida Bar No. 547417